UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI, FLORIDA

DEMCHENKO, ARKADII

DEMCHENKO, ANASTASIIA

                   Plaintiffs,

      v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES:

UR M. JADDOU, DIRECTOR, U.S.
Citizenship and Immigration Services

ERIN FATICA, Director,
United States Citizenship and Immigration
Services Miami Asylum Office;

                   Defendants.

No. _____

A-218103634

A-218103635

TO: All Parties and their Counsel of records

**COMPLAINT FOR MANDAMUS, DECLARATORY AND INJUNCTIVE**

**RELIEF**

Complaint – Mandamus and APA
Case No. -

ANASTASIYA SACK, ESQ.
305-206-1995
20200 W DIXIE HWY., SUITE 902
AVENTURA, FL 33180
ANNA@ASACK.US

PLEASE TAKE NOTICE:

Plaintiffs, ARKADII DEMCHENKO and ANASTASIIA DEMCHENKO (further Plaintiffs), are a citizen of Russia and residents of the State of Florida.  On November 24, 2020, USCIS received PLAINTIFFS' application for asylum and withholding of removal ("Application").  USCIS issued a notice directing PLAINTIFFS to have their fingerprints taken, which they did[1]. However, USCIS has yet to schedule an interview with PLAINTIFFS or to adjudicate their Application.

In March of 2023, when the Plaintiffs' application had been pending for two and a half years, ANASTASIIA DEMCHENKO began experiencing symptoms of a nervous breakdown, especially because her parents were facing continued harassment in Russia due to their religion as Jehovah's Witnesses. Petitioner found herself in such a predicament – instability and uncertainty about their future caused them to feel helpless and in despair. Sleepless nights, panic attacks, severe anxiety, and other symptoms became part of their daily routine. Therefore, on or about March 22, 2023, the Petitioner requested expedited review of their Application based on humanitarian reasons. A detailed letter explaining good cause for expedited review, with attached medical notes, was submitted to the Department by the Plaintiffs. However, the Miami Asylum Office denied the Plaintiffs' request to expedite their case.[2]

---

[1] See Exhibit 1

[2] See Exhibit 2

Complaint – Mandamus and APA
Case No. -

ANASTASIYA SACK, ESQ.
305-206-1995
20200 W DIXIE HWY., SUITE 902
AVENTURA, FL 33180
ANNA@ASACK.US

On or about September 2023, the Plaintiffs asked for help from their congressmen. And, on or about March 2024, the Plaintiffs asked for help from the White House. Despite numerous organizations being involved in the process, the Plaintiffs did not receive any action from the Miami Asylum Office.

Despite repeated requests by the petitioner, the United States Citizenship and Immigration Services (USCIS) has failed to schedule his interview or provide any information justifying the delay. USCIS's continued delay in scheduling, holding an interview, and adjudicating his application puts the plaintiff's case outside normal processing times for asylum cases. Accordingly, he now seeks this Court's intervention to ensure that USCIS finally provides him with an interview, adjudicates his application, and ensures that he receives the opportunity to obtain asylum in the United States.

## PARTIES

1. Plaintiffs, ARKADII DEMCHENKO and ANASTASIIA DEMCHENKO are citizens of Russia and residents of the State of Florida of the United States of America.

2. Defendant United States Citizenship and Immigration Services (USCIS) is the agency responsible for adjudication of applications for asylum that do not fall within the jurisdiction of Executive Office of Immigration Review ("EOIR").

3. UR M. JADDOU, Director, U.S. Citizenship and Immigration Services, 20 Massachusetts Ave NW, Rm. 4210, Washington, DC 20529

4. Defendant ERIN FATICA is the Director of the Miami Asylum office whose office address is 99 S.E. 5th Street, Miami, FL 33131.

ANASTASIYA SACK, ESQ.
305-206-1995
20200 W DIXIE HWY., SUITE 902
AVENTURA, FL 33180
ANNA@ASACK.US

5. Each individual Defendant is sued in his or her official capacity.

## JURISDICTION

6. This Court has jurisdiction pursuant to 28 U.S.C. §1361 (mandamus jurisdiction), 5 U.S.C. § 704 (Administrative Procedure Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1346(b) (federal defendant).

## VENUE

7. Venue is proper in the Western District of Washington pursuant to 28U.S.C.§ 1391(b) and 28U.S.C.§1391(e) because Plaintiff resides in this jurisdiction; Plaintiff's Application for Asylum is pending with the Miami Asylum Office; and a substantial part of the events or omissions giving rise to this claim occurred in this district.

## STATEMENT OF THE FACTS

8. Plaintiffs ARKADII DEMCHENKO and ANASTASIIA DEMCHENKO were born in Russia, and are citizens of Russia. They fled their country of origin and moved to the United States of America to seek political asylum based on religious persecution of Jehovah's Witnesses in Russia. Plaintiffs are residing in the State of Florida.

9. Defendants are officials of the government agencies that have failed to schedule Plaintiff's interview for asylum within a reasonable period of time.

10. On November 24, 2020, Plaintiffs filed with United States Citizenship and Immigration Services (USCIS) a Form 1-589, Application for Asylum and Withholding of Removal.

Anastasiya Sack, esq.
305-206-1995
20200 W Dixie Hwy., suite 902
Aventura, fl 33180
anna@asack.us

11. Plaintiff completed the required biometrics appointment with USCIS.

12. Over 2,5 years later, on 03/22/2023, Plaintiff submitted Request for Expedited Review based on Humanitarian reason, due to medical condition of ANASTASIIA DEMCHENKO. However, Plaintiff's request was denied.

13. In the following weeks and months, Plaintiff contacted USCIS via phone and via the online portal numerous times to seek information on when his interview would be scheduled. He was consistently told that there was no information available and that he would have to wait for an interview notice to be sent.

14. The respondents made multiple appeals to the Office of the President and Congressmen for assistance, but their efforts alone did not advance their case

15. The processing of Plaintiff's Application for Asylum is outside of normal or reasonable processing times. None of the Department's public resources (like periodically publishes the Historical National Average Processing Time for All USCIS Offices and/or the Case Processing Time feature of the USCIS website) indicate average processing time for asylum application throughout the states.

16. However, according to the INA § 208(d)(5)(ii) "in the absence of exceptional circumstances, the initial interview … on the asylum application shall commence no later than 45 days after the date of application."  Further, under the INA § 208(d)(5)(iii) "final administrative adjudication of the asylum application, …, shall be completed within 180days after the date an application is filed." According to 8 U.S.C. § 1571(b) - "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." U.S. Citizenship and Immigration Services (USCIS) should conduct the asylum interview

ANASTASIYA SACK, ESQ.
305-206-1995
20200 W DIXIE HWY., SUITE 902
AVENTURA, FL 33180
ANNA@ASACK.US

within 45 days after the date the application is filed and make a decision on the asylum application within 180 days after the date the application is filed, unless exceptional circumstances arise.

17. Plaintiffs have been waiting for their asylum interview for longer than 3 years now, they are eligible for asylum and meet all the requirements for protection under the asylum laws and regulations.

### FIRST CAUSE OF ACTION (28 U.S.C.§1361: Mandamus)

20. All previous paragraphs are incorporated as though fully set forth herein.

21. The Mandamus Act permits a court to compel an officer or employee of the United States or any agency thereof to perform a duty owed to ARKADII DEMCHENKO and ANASTASIIA DEMCHENKO. *See* 28 U.S.C.§1361.

22. A writ of mandamus is appropriate when "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d1078,1084 (9th Cir.2003) (quoting *Patel v. Reno*, 134F.3 d 929, 931 (9th Cir.1998)).

23. For a writ of mandamus to issue, three conditions must be met: (1) first, the party seeking the writ must have no other adequate means of relief; (2) second, the petitioner must demonstrate his or her right to the writ is clear and indisputable; and (3) third, the issuing court must determine whether a writ is appropriate under the circumstances. *See* Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 380–81 (2004).

24. Plaintiff's case satisfies each of these elements. His application has been pending far in excess of the average adjudication time for asylum applications. Congress

ANASTASIYA SACK, ESQ.
305-206-1995
20200 W DIXIE HWY., SUITE 902
AVENTURA, FL 33180
ANNA@ASACK.US

intended for USCIS to timely adjudicate asylum applications, *see* 8 U.S.C.§ 1571(b), and has mandated that the agency adjudicate applications rather than delay a decision indefinitely.

24. Defendants have a nondiscretionary legal obligation to interview Plaintiffs and render a decision on their application. The comprehensive statutory scheme created by Congress to govern the asylum process states that "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." *See* 8 U.S.C. § 1571(b).

26. No other remedy is available to Plaintiff to compel Defendants to adjudicate his application. Despite repeated inquiries about his application, complaints to the President and Congress, the agency has failed to act.

27. Defendants' failure to perform this duty for over three (3) years violates their statutory and regulatory obligations.

## SECOND  CAUSE OF ACTION

### (5 U.S.C.§706(1): Administrative Procedure Act (APA))

28. All previous paragraphs are incorporated as though fully set forth herein.

29. Defendants have a statutory and regulatory obligation to process Plaintiff's asylum application within a reasonable time. 5 U.S.C. § 555(b).

30. The APA empowers federal courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Under the APA, this Court may compel agency action that is discrete and which an agency is required to take. *Norton v. South Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004). For the reasons set forth above, the asylum interview and adjudication of asylum application satisfy those requirements.

Complaint – Mandamus and APA
Case No. -

35. Defendants' delay of 40 months is unreasonable and violates 5 U.S.C.§555(b) by unlawfully and unreasonably withholding agency action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Assume jurisdiction over this matter;

(2) Declare that Defendants have a duty to act on Plaintiff's application for asylum, and that Defendant's failure to act has been unlawful and unreasonable;

(3) Order Defendants to act on Plaintiff's application for asylum and schedule a asylum interview within 30 days;

(4) Award reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C.§2412; and

(5) Grant any and all such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

The Law Offices of Anastasiya Sack, PLLC

By  _____/s/ Anastasiya Sack_____

Anastasiya Sack, FLBAR #1003691

Attorney for Plaintiffs

Complaint – Mandamus and APA
Case No. -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

## TABLE OF  EXHIBITS

Exhibit 1 – Biometrics submission with the USCIS

Exhibit 2 – Denial letter from the USCIS, denying to expedite the case.

Exhibit 3- email from President Biden; email from Senator Marco Rubio

Complaint – Mandamus and APA
Case No. -

ANASTASIYA SACK, ESQ.
305-206-1995
20200 W DIXIE HWY., SUITE 902
AVENTURA, FL 33180
ANNA@ASACK.US

CERTIFICATE OF SERVICE

I, Anastasiya Sack, certify that I initiated service of the following document(s) on the

party listed below via regular U.S. Postal service. Service was initiated _____.

Document(s):
- **COMPLAINT FOR MANDAMUS, DECLARATORY AND**
  **INJUNCTIVE RELIEF**
- **Summons.**

Parties:

- **Director, United States Citizenship Immigration Services (USCIS)**

   General Counsel
   c/o U.S. Attorney's Office
   99 N.E. 4th Street
   Miami, FL 33132


- **Miami Asylum Office Director, U.S. Citizenship and Immigration Services**

   General Counsel
   99 S.E. 5th Street
   Miami, FL 33131



   DATED this 03/29/2024.



                                        The Law Offices of Anastasiya Sack, PLLC

                                        By  _____/s/ Anastasiya Sack_____

                                           Anastasiya Sack, FLBAR #1003691

                                           Attorney for Plaintiffs

Complaint – Mandamus and APA
Case No. -

ANASTASIYA SACK, ESQ.
305-206-1995
20200 W DIXIE HWY., SUITE 902
AVENTURA, FL 33180
ANNA@ASACK.US

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

Complaint – Mandamus and APA
Case No. -

ANASTASIYA SACK, ESQ.
305-206-1995
20200 W DIXIE HWY., SUITE 902
AVENTURA, FL 33180
ANNA@ASACK.US